IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLIENTRON CORP.,**  **Plaintiff**  v.  **DEVON IT, INC. and JOHN BENNETT**  **Defendants.** | **CIVIL ACTION**  **NO. 13-05634** |

**MEMORANDUM RE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT ADDING A PARTY-DEFENDANT**

**Baylson, J.**                                                                                       **January 5, 2015**

## I.   Introduction

Plaintiff Clientron Corp. ("Clientron") seeks to file a Second Amended Complaint adding Nance DiRocco ("DiRocco"), the wife of Defendant Dr. John Bennett ("Bennett"), as a party-defendant under a corporate veil-piercing theory. Defendants object. For the following reasons, the Motion is GRANTED.

## II.  Background

Clientron manufactures and distributes "thin-client" computers, which Devon IT regularly purchased under a Supply and Purchase Agreement executed in August 2008. Clientron alleges that Devon IT falsely represented that it would pay overdue invoices for custom-made products shipped directly to its customer, Dell Inc. According to Clientron, Devon IT ultimately 1) failed to pay over $6 million in overdue invoices and 2) failed to purchase over $14 million worth of custom goods for which it made Purchase Orders. After instituting separate proceedings to enforce an award Clientron obtained in a Taiwanese arbitration proceeding regarding the overdue invoices, Clientron brought this action asserting fraudulent

1

misrepresentation and breach of contract claims. The Court consolidated the two cases *sua sponte* on September 24, 2014. (ECF 73; ECF 28).

On June 12, 2014, the Court ruled that Clientron adequately stated claims for breach of contract and fraudulent misrepresentation in its initial Complaint. (ECF 8 & 9) Clientron had not, however, alleged sufficient facts to support piercing the corporate veil to hold Dr. Bennett[1] liable under an alter-ego theory for Devon IT's actions. *Id.* The Court granted expedited discovery on the issue of alter-ego liability, which is still ongoing, and granted leave to file an amended complaint against Bennett. (ECF 9). Clientron expanded its claims against Bennett in an Amended Complaint filed September 18, 2014. (ECF 27). A motion to dismiss that amended pleading for failure to state a claim is currently pending. (ECF 81). Clientron purported to file a proposed Second Amended Complaint without leave of Court on October 14, 2014. (ECF 84). Because Clientron's Second Amended Complaint seeks to add an additional party, DiRocco, it was necessary to file a motion seeking leave to file the Second Amended Complaint. This motion was filed (ECF 91). Defendants object (ECF 93).

### III. The Proposed Second Amended Complaint

Clientron seeks to add DiRocco as a party-defendant under an alter-ego theory of liability. Clientron claims that Devon IT is one of a number of shell companies Bennett and DiRocco use to avoid paying creditors. ECF 84 ¶¶ 21, 42. Clientron alleges that Devon IT has no assets and operates at a "considerable financial loss," and has "no corporate records substantiating details for various transactions" or "of annual meetings or shareholder meetings." *Id.* ¶¶ 20–21. Clientron further alleges that the couple, who own all 1,000 shares of Devon IT

---

[1] In its original Complaint, Clientron alleged Bennett was the President of Devon IT. ECF 1 ¶ 2. Clientron now alleges that Bennett is the founder and Chief Executive Officer of Devon International Group, another corporate entity that "controls" Devon IT, and that he co-owns 100% of Devon IT stock with DiRocco. (ECF 84 ¶ 7) Case No. 13-5634 (E.D. Pa.).

2

stock as tenants by the entirety, intermingled corporate and personal affairs by using corporate assets for their personal benefit—including substantial funds Devon IT received from Dell in payment for the products Clientron manufactured and delivered.  *Id.* ¶¶ 10, 12.  Clientron also avers that DiRocco and Bennett "dissipated corporate assets" gained from a case Devon IT brought against IBM "for their own personal benefits," and fraudulently transferred assets in order to avoid paying Clientron's invoices.  *Id.* ¶¶ 11, 42.  According to Clientron, DiRocco has access to and is empowered to withdraw and transfer money from Devon IT bank accounts, and has done so in the past.  *Id.* ¶¶ 15–16.

## IV.    The Parties' Contentions

Clientron points to repeated failures by Devon entities to pay judgments against them as evidence that Devon IT and Bennett (collectively, "Defendants") avoid creditors by declaring bankruptcy or violating settlement agreements.  Clientron argues that adding DiRocco as a party is in the interest of justice because Devon IT will likely be unable to satisfy any judgment Clientron obtains in this case, and Bennett and DiRocco's jointly owned property can only be attached to satisfy a judgment if both spouses are party-defendants in this case.  Clientron asserts that it has alleged facts sufficient facts in its proposed amended pleading to allow it to proceed under a theory of piercing the corporate veil and hold both Bennett and DiRocco liable for Devon IT's actions.  Clientron lastly contends Defendants' dilatory discovery tactics prevented it from discovering DiRocco's ownership interest in Devon IT sooner, and that neither Defendants nor DiRocco will be prejudiced by the addition of claims against her.

Defendants argue that Clientron's attempt to add DiRocco as a party solely "to prevent Clientron from being left with an empty bag at the end of this case" is improper and in bad faith.  (ECF 93, at 1) (quoting ECF 90, at 2).  Defendants assert evidence that shows Devon IT's structure and DiRocco's activities as a shareholder are legitimate.  Defendants oppose

Clientron's proposed amendments as futile because the allegations against DiRocco are speculative, do not state a direct cause of action against her, and do not support imposing alter-ego liability. Defendants further contend that adding DiRocco is prejudicial because Defendants' litigation with Clientron has been ongoing since 2012, and the Clientron employee who received alleged misrepresentations by Defendants, Robert Chin, is no longer available to testify.

## V. Legal Standard

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Grant of leave to amend is within the discretion of the district court, and should be granted unless there is "undue delay, bad faith, dilatory motive, prejudice, [or] futility." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Prejudice to the non-moving party "is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). A party opposing amendment "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

## VI. Analysis

Plaintiff's allegations suffice to allow the Second Amended Complaint. Defendant may have defenses, but there is no good reason justifying a denial of leave to amend to add DiRocco as a party-defendant. First, although arbitration and litigation between the parties has been ongoing since 2012, Clientron commenced this case asserting breaches of contract and fraudulent misrepresentations by Devon IT in March 2014. (ECF 1). There has been active

discovery.  After dismissing alter-ego claims against Bennett without prejudice as insufficiently detailed in June 2014, the Court ordered the parties to engage in discovery on this issue so that Clientron could amend its complaint with "more detailed factual allegations on the alter-ego theory against Bennett individually." (ECF 8, at 11).  Clientron did not delay in seeking to add DiRocco as a party after court-ordered discovery over the last several months apparently revealed not only her ownership interest but also other alleged activities at Devon IT for the first time.  *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984) ("The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier."); (ECF 94, at 8).

Likewise, Defendants have not demonstrated sufficient prejudice to justify denying leave to amend.  *Adams*, 739 F.2d at 868 ("[A]t some point, the delay will become 'undue,' placing . . . an unfair burden on the opposing party.").  Clientron's proposed amendment does not introduce any new theories or claims, and DiRocco as well as the current Defendants will have the opportunity to take any necessary additional discovery.  The Court cannot see how adding DiRocco as a party will compound whatever prejudice the current Defendants might suffer as a result of Mr. Chin's unavailability.  The two are not related.  Alter-ego liability is not a separate cause of action, but rather an "equitable remedy whereby a court disregards the existence of the corporation to make the corporation's individual principals and their personal assets liable for the debts of the corporation." *In re Blatstein*, 192 F.3d 88, 100 (3d Cir. 1999).  The information Mr. Chin might possess regarding Devon IT's alleged misrepresentations is therefore tangential to the factors that will determine whether DiRocco should be liable for any judgment against the corporation.

Finally, the Court is not able to conclude that Clientron's proposed amendment is futile.  Pennsylvania courts consider a number of factors in determining whether to pierce the corporate

veil, including "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud." *Lumax Indus., Inc. v. Aultman*, 543 Pa. 38, 42, 669 A.2d 893, 895 (1995). The Court believes Clientron has pleaded "factual content that allows the court to draw the reasonable inference" that a number of these factors are present, and the proposed amendment therefore is not futile. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Defendants also strenuously argue against the inferences Clientron has drawn from Devon IT's corporate structure and Bennett's and DiRocco's financial activities. At this stage, however, the Court must consider the allegations in the proposed pleading as true and in the light most favorable to Clientron. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). The allegations that Devon received millions of dollars in revenue from various sources, but has failed to pay plaintiff, and that DiRocco had received or benefited from these funds from third parties, warrants a conclusion that plaintiff's claims are plausible.

Additionally, although the sufficiency of Clientron's proposed pleading is the ultimate issue here, the Court notes that Clientron appears to have uncovered some evidence supporting its alter ego theory against Bennett and DiRocco. Discovery on piercing the corporate veil has been ongoing, and Devon IT and Bennett have long been on notice of Clientron's intent to pursue this theory. Plaintiff has satisfied Fed. R. Civ. P. 8(a) that pleadings should contain a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). At this stage of the case, under all the circumstances, allowing the proposed amendment will allow discovery to be concluded without further delay which would result from requiring plaintiff to file a further amended complaint alleging the same facts but in greater detail.

6

**VII.   Conclusion**

For the foregoing reasons, Plaintiff's Motion for Leave to File Its Second Amended Complaint is **GRANTED**.  An appropriate order follows.

O:\CIVIL 13\13-5634 clientron v. devon it\13-cv-5634 Memo re Mot to Amend.docx