IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLIENTRON CORP.,** <br><br> Plaintiff <br><br> v. <br><br> **DEVON IT, INC., et al.** <br><br> Defendants. | **CIVIL ACTION** <br><br> **NO. 13-05634** |

MEMORANDUM RE CROSS MOTIONS FOR SUMMARY JUDGMENT

**Baylson, J.**                                                                                       **August 27, 2015**

## I.   Introduction

Plaintiff Clientron Corp. ("Clientron") seeks to confirm a Taiwanese arbitration award and alleges breach of contract and fraudulent misrepresentation claims against Defendant Devon IT, Inc. ("Devon IT") arising from Devon IT's alleged failure to pay overdue invoices under a Supply and Purchase Agreement between the parties (the "SPA). The parties have filed cross-motions for summary judgment on Clientron's petition to confirm the arbitration award under Pennsylvania's Uniform Foreign Money Judgment Recognition Act ("UFMJRA"). For the following reasons, Clientron's Motion is GRANTED and Devon IT's Motion is DENIED.

## II.   Background

The parties are familiar with the details of their contractual dispute, which the Court has set forth in prior opinions and will not summarize again here. In its initial complaint, Clientron

petitioned to confirm a Taiwanese arbitration award issued by the Chinese Arbitration Association ("CAA") against Devon IT under the New York Convention, as incorporated into the Federal Arbitration Act, as well as under the UFMJRA.  ECF 1.  In an August 8, 2014 Memorandum, the Court dismissed the confirmation claim under the New York Convention and gave the parties notice of its intent to convert the motion to dismiss the remaining UFMJRA confirmation claim into a motion for summary judgment.  ECF 61.  The Court then consolidated the arbitration enforcement proceedings with Clientron's separately filed action for breach of contract and fraudulent misrepresentation.  ECF 73.

After taking discovery, Clientron and Devon IT filed cross-motions for summary judgment on the UFMJRA confirmation claim.  ECF 97, ECF 98.  The Court held oral argument on April 8, 2015 and the parties have submitted supplemental briefs.  ECF 126, ECF 129, ECF 130.

    A.    **The Court's August 8, 2014 Ruling**

The Court in its August 8, 2014 Memorandum detailed its conclusions about the UFMJRA claim based on the voluminous evidence the parties had submitted thus far, "subject to revision pending the filing of a final memorandum and order."  ECF 61, at 17.  As the Court explained, under the UFMJRA, "(1) a foreign judgment is entitled to recognition if it is final, conclusive, and enforceable where rendered, 42 P.S. § 22009, (2) unless the defendant, bearing the burden of proof, *Third Nat. Bank of Nashville v. Tagnani*, 18 Pa. D. & C. 4th 92, 95 (Ct. Com. Pleas 1993), (3) can establish one of several grounds for nonrecognition, 42 P.S. § 22004."  *Id.* at 19.  The Court held that although the arbitration award is not a "foreign judgment" under the UFMJRA, Clientron had submitted sufficient evidence to make out its *prima facie* UFMJRA

case because Clientron had obtained a writ of execution on the CAA award in a Taiwanese court. *Id.* at 21–23; ECF 43, at 1, 5.  This court-issued money judgment "(1) qualifies as a foreign judgment; (2) is for a sum of money; (3) is final and conclusive; and (4) is enforceable where it was rendered." *Id.* at 22–23.

The Court also concluded that based on the record so far, Devon IT had produced sufficient evidence that the arbitration exceeded the scope of the arbitration clause, in which case the Taiwanese judgment was "contrary to an agreement between the parties" and need not be recognized under 42 P. S. § 22004(5). *Id.* at 49–51.  The only evidence Clientron had offered to show that the products at issue were covered by the 2008 Supply and Purchase Agreement was that Devon IT requested repairs for these products under the terms of the agreement's warranty provision. *Id.* at 51.  "[W]ithout more," this evidence was insufficient to avoid summary judgment in favor of Devon IT.  *Id.*  The Court was required, however, to provide notice to the parties of its intent to convert Devon IT's motion to dismiss into a motion for summary judgment, as well as an opportunity to conduct discovery and supplement the record before it issuing a final ruling.  *Id.*  The Court therefore deferred its final ruling on whether the SPA covered the disputed products.

   **B.**  **Taiwanese Enforcement Proceedings**

As the Court explained in its August 8, 2014 Memorandum, under Taiwanese law, "although an arbitration panel first answers questions of arbitrability itself . . . the panel's determination can be reviewed in a revocation proceeding by a Taiwan court." *Id.* at 29.  At the time the Court issued its August 8, 2014 Memorandum, Clientron had obtained a writ of enforcement for the CAA award, and Devon had apparently petitioned the Taiwan Shilin District

3

Court (the "Revocation Court") to revoke the award. Subsequently, on January 12, 2015, the Revocation Court dismissed Devon IT's action to revoke the arbitration award and issued an opinion interpreting the SPA and its arbitration provision to cover the disputed products. ECF 121-1, Ex. A. Devon failed to appeal the judgment, and the Revocation Court issued a final judgment certificate on February 26, 2015. *Id.* Ex. B.

### III.   Contentions of the Parties

The parties disagree on whether the disputed products were covered by the SPA, and therefore whether disputes about them were subject to Taiwanese arbitration. Clientron primarily contends that the parties' conduct and course of dealing show that Devon IT believed the disputed products would be covered by the SPA. Clientron points to Devon IT's adherence to the SPA's purchase order and warranty provisions when providing forecasts of its need for the disputed products and submitting them for repairs as evidence that the parties understood the SPA to govern sales of those products. Clientron also contends that Devon IT never communicated its alleged intent that the SPA would not govern purchases of the disputed products. According to Clientron, Devon IT in fact knew that new products would soon upgrade or replace those listed in Appendix A of the SPA, and the parties "mutually agreed" that the disputed products were "replacement products" under Paragraph 6.6 of the SPA. In addition, Clientron argues that the never-executed draft Supply Agreement covering the disputed products was not a replacement for the SPA, but was intended to be an amendment to the original agreement.

Clientron asserts that there are a number of items of new evidence, which were not before the Court when it issued its August 8, 2014 opinion, that support its position. Specifically,

Clientron points to 1) the declaration of Carol Hung, in which she states that Devon IT never "suggested" that the SPA would not govern these products 2) emails providing Clientron with sales forecasts for these products consistent with the SPA's forecasting procedures, 3) a translation of the Revocation Court's opinion refusing to revoke the Taiwanese arbitration award, issued January 12, 2015, and 4) deposition testimony of Robert Chin that the SPA governed the entire relationship of the parties, and that Devon IT merely tried to amend the agreement once it began its relationship with Dell. ECF 129, at 2–3, 12–13.

Clientron has also raised a new argument that because a Taiwanese court refused to revoke the arbitration decision after the Court issued its August 8, 2014 Memorandum, and Devon IT declined to exercise its opportunity to appeal the judgment, the Court must now defer to that court's decision under principles of comity. Clientron further argues that under the doctrines of *res judicata* and collateral estoppel, the Taiwanese court's holding that the SPA covered the disputed products is conclusive on this issue.

Devon IT contends, contrary to the Court's conclusions in its August 8, 2014 Memorandum, that the Taiwanese enforcement order is not final and conclusive because the arbitration panel lacked jurisdiction to hear a dispute beyond the scope of the arbitration clause. Devon IT also argues that the arbitration occurred "contrary to an agreement between the parties" under § 22004(5). According to Devon IT, the disputed products were never added to the scope of the SPA under the agreement's amendment procedure for new products; instead, they were ordered under separately negotiated purchase orders that are independent contracts under Taiwanese law. Devon IT likewise contests that the disputed products were submitted for repairs under the SPA's warranty provision, arguing that the repairs were done under a Clientron

5

warranty policy that was not specific to the SPA. Devon IT further argues that the parties intended the disputed products to be covered by a separate, standalone draft agreement that was under negotiation but never executed, and which differs significantly from the terms of the SPA. Finally, Devon IT disputes Clientron's new arguments based on comity and *res judicata* principles because, it argues, the Taiwanese court lacked subject matter jurisdiction over the dispute and the proceeding was unfair.

## IV. Legal Standard

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." *Id.* Under Rule 56, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in favor of the non-movant. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Because of the legal status of the matter in Taiwan, however, lthough there were disputed issues of fact previously, the Court can now decide these cross-motions for summary judgment as a pure matter of law.

## V. Analysis

### A. Comity

The Court agrees with Clientron that it should defer under comity principles to the Revocation Court's decision that the SPA covered the disputed products.

>As the Court explained in its August 8, 2014 Memorandum,
>
>>"Comity" . . . is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws.

ECF 61, at 18 (quoting *Hilton v. Guyot*, 159 U.S. 113, 163–64 (1895)). Pennsylvania common law incorporates the rule announced by the Supreme Court in *Hilton v. Guyot*, which provides for deference to foreign judgments that were "rendered by a competent court, having jurisdiction of the cause and of the parties and upon due allegations and proofs, and opportunity to defend against them, and its proceedings are according to the course of a civilized jurisprudence, and are stated in a clear and formal record." *Id.* (quoting *In re Christoff's Estate*, 192 A.2d 737, 739 (Pa. 1963)). Although the Pennsylvania legislature has standardized the procedure for enforcing foreign money judgments in the state by enacting the UFMJRA, common law comity principles apply when the statute does not so long as the party seeking recognition of a judgment has commenced a civil action in the "appropriate initial form." *Hilkmann v. Hilkmann*, 858 A.2d 58, 68 (Pa. 2004) (reversing enforcement of an Israeli guardianship judgment where the plaintiff had incorrectly filed an action under the Uniform Child Custody Jurisdiction Act, instead of seeking to enforce the Israeli judgment under the guardianship procedures outlined in Pennsylvania's Probate Code). The decision to recognize a judgment under comity principles is discretionary. *Phila. Gear Corp. v. Phila. Gear de Mexico, S.A.*, 44 F.3d 187, 191 (3d Cir. 1994).

As an initial matter, the Court disagrees with Devon IT's argument that its failure to appeal the Revocation Court's judgment is of no significance. While it is true that the UFMJRA applies equally to judgments whether or not an appeal is pending, 42 P.S. § 22009, Clientron is

7

not attempting to enforce the Revocation Court's opinion under the UFMJRA, which in any event is not a money judgment. Instead, Clientron is attempting under the UFMJRA to enforce the Taiwanese court writ converting the arbitration award into a money judgment, and asks the Court to defer on comity grounds to the Revocation Court's refusal to overturn the arbitration award when considering whether Devon IT has met its burden to show the award was contrary to the parties' agreement. In other words, the import of the Revocation Court's decision is that a Taiwanese court has now answered the question of whether the arbitration occurred "contrary to an agreement between the parties." Although the possibility that a judgment might be appealed does not necessarily foreclose granting comity, *see Remington Rand Corp.-Del. v. Bus. Sys. Inc.*, 830 F.2d 1260, 1266 (3d Cir. 1987), the fact that Devon IT failed to appeal the Revocation Court's decision leaves no question that it is final for the purposes of evaluating this issue and weighs in favor of deferring to the Revocation Court's decision.

Furthermore, the Revocation Court's judgment should be accorded greater weight that the arbitration panel's decision as to arbitrability. As the Court explained in its August 8, 2014 Memorandum, Clientron had asked the Court to disregard Devon IT's arguments that the SPA did not cover the disputed products because Devon IT had unsuccessfully raised them before the arbitration panel, and the Court found it was not bound by the arbitration panel's decision. ECF 61, at 29. In reaching this conclusion, the Court relied on the fact that Taiwanese law allows a party to challenge arbitrators' conclusions about arbitrability in revocation proceedings, and explained that this was precisely the type of review Devon IT was seeking in this action. *Id.* Now, however, the Revocation Court has reviewed the arbitrators' decision, considered Devon IT's evidence and arguments, and issued a final judgment interpreting the SPA under Taiwanese

law.  There is no reason for this Court to perform this review a second time, particularly when it would involve second-guessing a Taiwanese court's interpretation of its own forum's laws.

Devon IT's objections to the fairness of the Revocation Court proceedings are unconvincing.  Although it is true that this Court may review whether the Revocation Court had subject matter jurisdiction over the proceedings before deferring to its decision, this Court already considered whether Taiwanese courts had subject matter jurisdiction over enforcement of the arbitration award in its August 8, 2014 Memorandum.  *Id.* at 39–41.  The Court answered this question in the affirmative, concluding that because the SPA provided for arbitration before the CAA for at least some disputes, the arbitration panel had subject matter jurisdiction even if the SPA did not cover the disputed products.  *Id.*  For the same reason, the Taiwanese courts had subject matter jurisdiction to issue a writ enforcing the arbitration award.  *Id.*  The Court sees no reason to conclude otherwise regarding the jurisdiction of the Revocation Court, particularly in light of the fact that Devon IT initiated that court's review of the arbitrability decision.  Furthermore, we must recall that Devon IT agreed to a contract that chose Taiwanese law as the governing law, and therefore it cannot be considered unfair for this Court to give legal effect to a final judgment by a Taiwanese court.

Moreover, it is not enough for this Court to view the evidence differently to warrant rejecting the Revocation Court's judgment.  A foreign tribunal is not required to adhere strictly to the Federal Rules of Evidence for its judgments to be afforded comity.  *See Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 443 (3d Cir. 1971) (explaining differences between English and Pennsylvania law were not grounds for refusing to enforce an English court judgment unless enforcement would offend public health, public policy, or violate due process

9

principles). Devon IT has put forth no evidence that the Revocation Court proceedings lacked due process protections or were contrary to public policy. Clientron has also submitted enough evidence in support of its position that the SPA covered the disputed products that the Court is satisfied that the Revocation Court's judgment was not so contrary to the evidence that it was unfair.

The Court will therefore extend comity to the Revocation Court's decision interpreting the SPA as covering the disputed products, which resolves the question of whether the Taiwanese enforcement order of the arbitration award was contrary to an agreement between the parties under § 22004(5). The Court found in its August 8, 2014 Memorandum that Clientron had made a *prima facie* case that the Taiwanese enforcement order is a recognizable judgment under the UFMJRA. ECF 61, at 50. Clientron is therefore entitled to summary judgment on its UFMJRA claim.

## VI.     Sanctions

In the alternative, the Court awards summary judgment in Clientron's favor because the accompanying Sanctions Memorandum estops Devon IT from arguing that the arbitration award should not be confirmed. As outlined in the Sanctions Memorandum, Devon IT's abuse of the discovery process has led the Court to impose sanctions that include barring Devon IT from offering evidence in support of its UFMJRA non-recognition defenses. The Court has already concluded that Clientron has met its *prima facie* burden under the UFMJRA, which shifts the burden to Devon IT to show grounds for nonrecognition. ECF 61, at 50. Because the Court will now disregard the evidence supporting Devon IT's nonrecognition defense under § 22004(5), summary judgment in Clientron's favor is warranted.

## VII. Conclusion

For the foregoing reasons, Clientron's motion for summary judgment will be **GRANTED** and Devon IT's motion for summary judgment will be **DENIED**.

An appropriate Order follows.

O:\CIVIL 13\13-5634 clientron v. devon it\13-5634 Memo re Cross Motions for Summary Judgment.docx