**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLIENTRON CORP.,** | |
| **Plaintiff** | **CIVIL ACTION** |
| **v.** | **NO. 13-05634** |
| **DEVON IT, INC., JOHN BENNETT, and NANCE DIROCCO,** | |
| **Defendants** | |

<u>**MEMORANDUM OPINION RE: CLIENTRON MOTIONS IN LIMINE**</u>

**Michael M. Baylson, USDJ**                                      **March 23, 2016**

As this case proceeds towards trial beginning on Monday, April 4, 2016, the parties have filed various motions in limine. This Memorandum will constitute preliminary rulings on the Clientron Corp. ("Clientron") motions in limine, and will note where definitive rulings may not be possible until trial begins. The Court will not repeat any details about the procedural or factual background of this complex case, which are set forth in several pretrial memoranda. Stated most briefly, Clientron is proceeding on claims of breach of contract and fraud against Devon IT, Inc. ("Devon"), and two individual defendants-owners (husband John Bennett and wife Nance DiRocco) of Devon as to whom Clientron asserts the Court should allow "piercing the corporate veil."

Devon is proceeding against Clientron on a counterclaim for breach of contract.

**A.      Clientron MIL #1 (ECF 226/241) to Preclude Devon from Offering 30(b)(6) Testimony**

MIL #1 seeks two things: 1) an order precluding Devon from offering testimony at trial from any of the topics on Clientron's Rule 30(b)(6) deposition notices; and 2) an adverse inference instruction.

The Court will deny the adverse inference request because it amounts to an untimely Motion for Reconsideration of the Court's sanctions opinion and orders (ECF 169, 170, 181, 196).

As to preclusion, while the Court has already held that "Clientron has carefully documented, in its motion for sanctions, the complete failure of Devon IT to comply with Rule 30(b)(6)," ECF 169 at 5, Clientron appears to want to preclude <u>any</u> testimony on the same topics, as opposed to testimony from a Devon witness on those matters.  For example, individual non-Devon witnesses may have evidence concerning, <u>e.g.</u>, "[t]he preparation of Devon IT's corporate records" (ECF 226-1, Clientron Notice of Rule 30(b)(6) Dep. at ¶ 8).

Devon's and Bennett's failure to comply with Rule 30(b)(6) necessarily only warrants exclusion of that evidence by Devon's officers and employees.  This ruling does not include testimony by the individual defendant, DiRocco, because she was not involved in the affairs of Devon, but does include Bennett because he was an officer of Devon and is, thus, bound by the Court's findings concerning Devon's lack of responsiveness to the Rule 30(b)(6) notices.  Defendants may, of course, cross-examine Clientron witnesses on any of these topics, and may produce non-Devon witnesses.

As Defendants have correctly noted in the past, <u>see</u> ECF 157 (Sanctions Opp.) at 6 n.2, topics 20-27 of Clientron's 30(b)(6) notice (ECF 226-1) deal with Bennett and DiRocco's personal accounts and assets and are not proper subjects for Devon to produce a 30(b)(6) witness.

**B.   Clientron MIL #2 (ECF 227/242) to Preclude Testimony Regarding Robert Chin**

It is unclear exactly what Clientron wants to exclude.  The MIL mentions testimony "regarding [Robert Chin's] departure from Clientron, or any other matters related to his

personnel file at Clientron or his alleged threats to Devon IT's business."  ECF 227 at 3.

Defendants argue that they "should be permitted to explore whether Mr. Chin's testimony is

credible or unbiased by examining the terms of his separation from Clientron,"  ECF 242 at 2,

and further demand to be "permitted to issue a subpoena duces tecum to Clientron's corporate

designee to appear at trial and bring Chin's personnel file," id. at 4-5, which Clientron opposes,

ECF 255 at 2-4.  The subpoena is plainly improper, but the Court cannot evaluate the Motion

without knowing what testimony is actually at issue.  Mr. Chin will be required to testify about

any facts related to Devon, including whether Devon was a factor in his leaving Clientron.

### C.      Clientron MIL #3 (ECF 228/243) to Preclude Testimony Regarding J.P. Morgan Chase ("JPMC") and Clientron MIL #7 (ECF 232/247) to Preclude Evidence of Damages re JPMC and Dell Contracts

Defendants argue that evidence of their perception of why JPMC terminated its contract

with Devon is relevant to their state of mind in delaying payments to Clientron.  Clientron asserts

that that argument should be precluded because the underlying motivations as to why Defendants

decided to delay payments to Clientron have no relevance to whether Defendants committed

fraud by saying they would pay Clientron when they knew they would not.  Furthermore,

Clientron argues admitting this testimony would violate Rule 403 by creating a substantial risk of

confusion of the issues.  The Court will require defendants to make an offer of proof before a

final ruling on MIL #3.

MIL 7 duplicates MIL 3 in substantial part, as Clientron seeks exclusion of all evidence

Defendants may seek to introduce in support of their counterclaims involving termination of the

Dell and JPMC contracts.  The Court has already granted Clientron summary judgment on these

counterclaim allegations, ECF 215.  Defendants' attempt to rehash their arguments and recast

Clientron's alleged performance issues as going to Devon's state of mind in delaying payments

to Clientron fails.   Any testimony regarding the counterclaim for damages with regards to the Dell or JPMC contracts will be excluded, unless Defendants can make an offer of proof at trial showing relevance without confusion.

**D.**     **Clientron MIL #4 (ECF 229/244) to Preclude Testimony Regarding Taiwanese Law**

This MIL seeks to "preclude any argument from Devon IT relying on interpretation of Taiwan [sic] law, including but not limited to relying on testimony from . . . Mr. Chung-Teh Lee." ECF 229 at 1.  Although this purported testimony is unspecified, it appears to encompass:

- Mr. Lee's testimony as a fact witness about the conduct of the Taiwanese arbitration proceedings, which would go to whether Devon had a full and fair opportunity to present its setoff defense for purposes of issue preclusion;

- Mr. Lee's expert testimony on Chinese arbitration law, including whether Clientron waived its claims for the Purchase Order products by not bringing them in the Taiwanese arbitration (see ECF 244 at 2); and

- other exhibits on Defendants' exhibit list suggesting that Defendants intend to introduce evidence of Taiwanese law (see ECF 220-1 Def. Ex. List at D1, D3-D5, D7-17 and D28).

The Court does not believe either party has filed a specific request for a hearing under Rule 44.1 which governs procedures when foreign law may be applicable.  The Court had a hearing on Taiwanese law at an early stage of this case in connection with Clientron's motion for confirmation of the arbitration award and heard testimony from Mr. Lee.  The Court will not completely preclude Mr. Lee from testifying in this trial, but requests the parties to file, within seven (7) days, a statement as to their intentions on introducing evidence about Taiwanese law.

**E.**     **Clientron MIL #5 (ECF 230/245) to Preclude "Evidence Excluded by the Court's Orders"**

Clientron points to exhibits D1-D19, D22-D26, D28 and D31 on Defendants' exhibit list (ECF 220-1) and characterizes them as evidence Defendants intend to offer in support of Devon's Pennsylvania's Uniform Foreign Money Judgment Recognition Act non-recognition defense.  Clientron's claim is confusing because its own prior objections to Defendants' exhibit list, did not mention Exhibits D2-5, D7, D9, D12, D15-19, D22-26, and D31 as being barred by the Court's prior orders.  ECF 237-2 Pl. Ex. B.  Clientron's Reply in Support of MIL 5 (ECF 255 at 7) also appears to inaccurately contend that these documents were not disclosed during pretrial proceedings.

This motion will be denied without prejudice because the documents referenced may be relevant on some issues.  Furthermore, the Court hesitates to make any binding rulings as to evidence potentially relevant to damages which may arise as a result of the jury's verdict on liability.  Defendants should be prepared to clarify, with an offer of proof, what they will be attempting to prove if as and when it comes to introduce these documents into evidence either by their own witnesses or Clientron witnesses called as of cross-examination.

On this point, to make sure that trial moves smoothly, the Court will require both parties within seven (7) days to provide a list of witnesses they intend to call, and whether they will produce their witness by live testimony or deposition.  If either side wishes to call a representative of another party via cross-examination it must specify whether the witness will be produced voluntarily, whether the witness can be required to attend by subpoena, and if necessary, whether the testimony will be introduced by deposition, videotape or live internet streaming.  If the latter, arrangements must be made ahead of time with the Court's staff.

The Court also notes that it does not allow sidebar discussions in the middle of a trial unless there is some sort of an emergency.  In this Court's experience, almost all issues raised by

counsel at trial where counsel requests a sidebar conference, can be made either prior to trial, which will be required in this case given the complexity of the pretrial proceedings and the current issues.  If necessary, a legal issue that requires discussion with the Court can be raised verbally during a trial recess, at the close of the Court's proceedings, or before trial resumes the following morning.

**F.      Clientron MIL #6 (ECF 231/246) to Preclude Evidence of Defendants' Setoff Argument and Clientron MIL #8 (ECF 233/248) to Preclude New Evidence Supporting Devon's Purported Overcharge Argument**

MILs 6 and 8 appear to seek exclusion of the same evidence pertaining to Defendants' lone counterclaim for $3.3 million in BOM +10% overcharge damages: MIL 6 frames the issue in terms of collateral estoppel by arguing that Devon had a full and fair opportunity to present the offset in the Taiwanese arbitration, while MIL 8 focuses on how the BOM +10% overcharge was not raised until Defendants' Opposition to Clientron's Motion for Summary Judgment.  Both motions argue that Devon has failed to offer competent proof of damages: MILs 6 and 8 object to the testimony of Mark Sieczkowski regarding the alleged overcharge as improper opinion testimony[1] and MIL 8 claims Joseph Makoid relies on "statements of hearsay and speculation."  MIL 8 also notes Defendants produced no documents or testimony regarding these damages during discovery.  Although Clientron MIL 7 (ECF 232/247) purports to concern itself with damages concerning the Dell and JPMC contracts, it also mirrors MILs 6 and 8 in arguing that testimony from Sieczkowski and Joseph Makoid cannot prove the overcharges.

Both MILs 6 and 8 shall be denied because, as Defendants note, the Court's December 22, 2015 ruling held that the BOM +10% overcharge counterclaim is a jury question.  ECF 215

---

[1] The more accurate objection appears to be hearsay, as flagged in the Court's December 22 ruling, as Sieczkowski's only proof of the overcharge comes from an unnamed industry source.

at 24.  Denial should be without prejudice to objecting to hearsay, improper opinion testimony and speculation from Makoid and Sieczkowski, however.

Furthermore, because bifurcation of liability of damages has been ordered, the Court will deny these motions without prejudice to being raised, if necessary, following the jury's verdict on liability.

**G.     Clientron MIL #9 (ECF 234/249) to Preclude Evidence of Bennett's Bankruptcy**

As Defendants note, evidence of Bennett's personal bankruptcy is relevant to rebut conclusions in the report of Clientron's expert Kyle Anne Midkiff such as "[t]he financial records provided by Bennett and DiRocco indicate that they maintain a lifestyle, which cannot be sustained by their reported income without funds from other sources."  ECF 249-1 Ex. A (Midkiff Report) at 2.  Clientron has offered no justification for why Bennett's bankruptcy should be excluded.

The Court notes that there is a Devon motion in limine pending as to Ms. Midkiff's testimony.  The Court also notes that assuming Bennett's bankruptcy status is admitted, the Court may wish to give the jury an instruction of law at that time and welcomes requested instructions from counsel on this point prior to trial.

**H.     Clientron MIL #10 (ECF 235/250) to Preclude Evidence Regarding Whether Clientron Should Have Brought the P.O. Product Claims in the Taiwanese Arbitration**

Defendants correctly note that this MIL mischaracterizes the Court's December 22 summary judgment opinion: Clientron argues that the Court held that Defendants had waived any argument regarding claim preclusion and the P.O. Products, when in fact the Court held only that Defendants had waived their subject matter jurisdiction argument surrounding those products.  This MIL will be denied because evidence of Clientron's reasons for not bringing the

P.O. Product claims to arbitration weighs directly on whether Clientron is now claim precluded from suing on them here.

## I.   Clientron MIL #11 (ECF 236/251) to Preclude Reliance on Unverified Corporate Documents

MIL 11 argues for the exclusion of certain "unverified" corporate documents because it misconstrues the Court's December 22 statement regarding Defendants' failure to submit the documents as part of the MSJ briefing, see ECF 215 at 4 ("While Clientron does not appear to dispute that these documents were produced, these documents have not been provided with any of the parties' submissions for verification") to be a holding that Defendants have failed to authenticate them.  MIL 11 and Clientron's Reply (ECF 255 at 14-15) also note that Defendants never presented a 30(b)(6) witness on these documents even though Clientron's notice included several of the materials.  ECF 226-1 Ex. A at ¶ 1.

The Court will require, consistent with its practice rule, that any disputes about the authenticity of any exhibit be raised pursuant to the Court's final pretrial order, and if not resolved by counsel, must be brought to the Court's attention prior to the trial starting.

## J.   Clientron MIL #12 (ECF 252/256) to Preclude Certain Trial Exhibits

This MIL seeks exclusion of three categories of exhibits, none of which, according to Clientron, were produced from Defendants to Clientron per the Court's scheduling order (ECF 218) even after multiple requests from Clientron (ECF 252-1 Ex. A):

- Specifically identified documents D22, D37, D40, D43, D62, D64-65, D76, and D78-82 (see ECF 220-1);

- D94, labeled "Emails from representatives of Devon IT, Inc. and/or Clientron Corp."; and

- D95-99, which are further broad categories of exhibits such as "Documents relating to rent payments made by Devon IT" rather than specifically enumerated exhibits.

8

In their Opposition, filed on March 10, 2016, Defendants offer no excuse for why they did not provide these documents by the Court's deadline of January 29 (ECF 218) or in advance of Clientron filing MIL 12 on March 3.  Nor have Defendants offered any clarification for the documents referred to as D94-99, stating as to D94 that "Defendants do not know how Clientron intends to use Exhibits at trial and anticipates [sic] that it may be necessary to reference these Exhibits in rebuttal" and as to D95-99 that "Defendants have been working diligently to identify which of these documents are relevant to the Court's questions and anticipate being able to identify them in advance of trial."

The Court will give defense counsel a chance to explain why these documents were not produced and why Defendants should be allowed to produce them during trial.  Clientron will be allowed to argue any prejudice from the late production.

Therefore, the Court will not rule on this motion at this time.

O:\CIVIL 13\13-5634 clientron v. devon it\13cv5634 MemoOp on Clienton MILs.docx