IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIENTRON CORP.,<br><br>                    Plaintiff<br><br>          v.<br><br>DEVON IT, INC., JOHN BENNETT, and NANCE DIROCCO,<br><br>                    Defendants | CIVIL ACTION<br><br>NO. 13-05634 |

### MEMORANDUM RE: DEFENDANTS' MOTION IN LIMINE ON EXPERT TESTIMONY

**Michael M. Baylson, USDJ**                                                                         **March 29, 2016**

The facts of this breach of contract and fraud action have been amply documented in prior opinions of this Court.  See, e.g., ECF 215 at 1 n.1.  A key remaining issue for trial concerns whether the evidence justifies piercing the corporate veil and holding that Defendant Devon IT, Inc. is the alter ego of its two owners, husband John Bennett and wife Nance DiRocco (collectively, "Defendants") such that Bennett and DiRocco are personally liable to plaintiff. Through their sole Motion in Limine, ECF 224, Defendants seek to preclude Clientron's expert witness Kyle Anne Midkiff ("Midkiff") from providing opinions or testimony regarding piercing the corporate veil.  A copy of Midkiff's expert report is attached to the Motion.  Clientron supports admissibility of all of the experts' opinions (ECF 240).

For the reasons set forth below, Defendants' Motion shall be granted in part and denied in part.  Specifically, while Midkiff can opine on topics within her purview as an accountant, she cannot offer legal conclusions.

   **I.     Legal Standards**

Two guiding criteria govern resolution of this Motion.

First, "[a]lthough Federal Rule of Evidence 704 permits an expert witness to give expert testimony that embraces an ultimate issue to be decided by the trier of fact, an expert witness is prohibited from rendering a legal opinion. Such testimony is prohibited because it would usurp the District Court's pivotal role in explaining the law to the jury." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 217 (3d Cir. 2006) (citations omitted).

Second, to opine as an expert at all a witness must satisfy the three requirements of Federal Rule of Evidence 702. Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008).

First, "the proffered witness must be an expert, i.e., must be qualified." Id. A broad range of knowledge, skills, and training can qualify a witness as an expert. In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741 (3d Cir. 1994). However, the rule requires a witness to have some specialized knowledge pertaining to the particular area of the witness's testimony. Smolow v. Hafer, 513 F. Supp. 2d 418, 425-26 (E.D. Pa. 2007) (citing Betterbox Commc'ns Ltd. v. BB Techs., Inc., 300 F.3d 325, 334-35 (3d Cir. 2002)); Main St. Mortg., Inc. v. Main St. Bancorp., Inc., 158 F. Supp. 2d 510, 513 (E.D. Pa. 2001).

Second, the "expert must testify about matters requiring scientific, technical, or specialized knowledge." Pineda, 520 F.3d at 244. Expert testimony is admissible only if the process or technique used to formulate the opinion is reliable. Id. Subjective belief or unsupported speculation is insufficient. Paoli, 35 F.2d at 742.

Third, the "expert's testimony must assist the trier of fact." Pineda, 520 F.3d at 244. "[E]ven if an expert's proposed testimony constitutes scientific knowledge, his or her testimony will be excluded if it is not scientific knowledge for purposes of this case." Paoli, 35 F.3d at 742 (emphasis in original).

II. Ms. Midkiff's Qualifications and Purported Expert Testimony

Midkiff is Managing Director of Forensic Accounting and Litigation Services at Smart Devine. As set forth in her CV, she has over twenty five years of forensic accounting experience including a ten-year tenure as Director of Forensic and Litigation Services at KPMG. She is a Certified Public Accountant (CPA), Certified Fraud Examiner (CFE), and is Certified in Financial Forensics (CFF). However, Midkiff has no law degree or legal training.

Midkiff's findings and opinions are contained in the "Expert Report of Kyle Anne Midkiff, CPA, CFE, CFF" ("Report"). ECF 186-5 Pl. Ex. J; ECF 224-2 Def. Ex. B. Several of these opinions fall directly within Midkiff's expertise as a forensic accountant. For example, Midkiff opines that:

1. Defendants' failure to produce complete records inhibited her analysis (Report at 10-11);

2. Bennett and DiRocco's financial records indicate that they maintain a lifestyle "which cannot be sustained by their reported income without funds from other sources" (Report at 2);[1]

3. Devon IT was insolvent on a balance sheet basis while dealing with Clientron (Report at 12-13);

4. Devon IT's rent payments to another Bennett/DiRocco owned entity fluctuated dramatically, and thus far inexplicably, from 2011 to 2012 and 2013 (Report at 7);

5. Records document Devon IT contemporaneously transferring funds from outside transferees to other Devon companies shortly after money was received (Report at 9); and

---

[1] The Court previously denied Clientron Motion in Limine 9, seeking to exclude testimony of Bennett's personal bankruptcy, on grounds that it goes to rebut this testimony. ECF 259 at 7.

6. Certain evidence (including Bennett and DiRocco's deposition testimony) supports the inference that Devon IT and Bennett/DiRocco commingled funds (Report at 15-16).

Midkiff's report also contains conclusions that do not directly tie into her accounting background. Most notably, she purports to outline the legal standards for piercing the corporate veil under Pennsylvania law (Report at 3-4) and then posits:

1. Devon IT "failed to observe corporate formalities" (Report at 13-14);

2. Bennett "dominated and controlled the Devon entities" (Report at 20);

3. Bennett has previously "attempt[ed] to abuse the concept of tenants by the entireties in a bankruptcy setting" by claiming he and his wife owned vehicles titled in his name alone (Report at 12);

4. Devon entities have engaged in a "Pattern of Defaults/Bankruptcy" (Report at 11); and

5. "[T]he inclusion of Clientron as a creditor in Bennett's personal bankruptcy filing acknowledges a personal obligation to Clientron" (Report at 12).[2]

### III. Application and Conclusion

Midkiff is qualified to offer her expert opinion on accounting-related issues such as Devon IT's insolvency, the fluctuating rent payments, and potential commingling of funds. Midkiff's qualifications are similar to those found sufficient by other courts. See Smolow v. Hafer, 513 F. Supp. 2d 418, 439 (E.D. Pa. 2007) (holding accountant qualified to testify as expert about costs incurred by Pennsylvania Department of Treasury); Main St. Mortg., Inc. v.

---

[2] In Defendants' Opposition to Clientron Motion in Limine 9 (regarding evidence of Bennett's bankruptcy), Defendants challenge Midkiff's assertion. ECF 249 at 3-4. At present, the Court expresses no opinion as to which side has the correct argument.

Main St. Bancorp., Inc., 158 F. Supp. 2d 510, 518-19 (E.D. Pa. 2001) (holding accountant qualified to testify as expert on damages in service mark infringement case in mortgage industry).  As to those conclusions, Defendants' Motion shall be denied.

When testimony is presented at trial, which is relevant to the alter ego issue, the Court will allow Midkiff to testify generally with opinions from an accounting point of view.  Some of these issues may have both a legal and accounting context.  She can testify to the latter, but not the former.  The alter ego issue is technical, but important.  An expert's opinion on accounting related concepts may be very helpful to the jury and the Court.  However, Midkiff shall not be permitted to give legal conclusions.

Clientron fails to persuasively distinguish this case from the Defendants' reliance on Tindall v. H & S Homes, LLC, Civil Action No. 5:10-CV-044(CAR), 2012 WL 3242128 (M.D. Ga. Aug. 7, 2012), which presents an analogous fact pattern.  In Tindall, the plaintiff sought to preclude a defense expert named Robert Taylor from offering opinions about defendants' corporate structure, finances, and valuation of assets in an attempt to rebut plaintiff's claim that one defendant was merely an alter ego of another.  Id. at *1. The Tindall court took a nuanced approach to the case.  It held that Taylor could not offer opinions about Georgia law, both because he was unqualified to do so and because it is improper generally for experts to offer legal conclusions as expert opinions.  Id. at *5-6.  However, Tindall further held that Taylor could offer factual evidence within his realm of competence even if it dovetails to some extent with the legal standards required for piercing the corporate veil.  See id. at *7 ("Thus, for example, Mr. Taylor may testify as to whether Defendants' assets and liabilities were 'commingled,' as this can be established as a question of fact, but he may not offer a legal

5

definition of 'commingling' or offer any opinions about the legal relevance [of] commingled assets.").

Clientron is correct that "[u]nlike the expert in Tindall v. H & S Homes, LLC, Ms. Midkiff does not opine directly on whether Devon IT is the alter ego of Bennett and/or DiRocco." ECF 240 at 4. Nevertheless, Midkiff does offer several conclusions which have some legal context. Most notably, Midkiff contends that Devon IT failed to observe corporate formalities (Report at 13-14). An accountant routinely reviews corporate books and records and notes adherence, or lack thereof, to corporate formalities. However, as previously held in this case, strict adherence to corporate formalities in a husband and wife owned corporation is often ignored and provides little support for alter ego liability. This "testimony" is argument best reserved for summations, not expert evidence. Similarly, Midkiff opines on the legal significance of Bennett listing Clientron as a creditor in his personal bankruptcy filing, Report at 12, and argues that Bennett dominated and controlled various companies including Devon IT, Report at 20.

The Court will adopt the approach from Tindall. Midkiff shall be allowed at trial to testify to the facts underlying her report and to opinions within her purview as an accounting expert. She will not, however, be allowed to offer testimony regarding the legal standards for piercing the corporate veil in Pennsylvania, or to offer legal conclusions based on Devon IT's failure to respect corporate formalities.

The Court recognizes, as other courts have noted, that the distinction between a fact underlying an expert's report and a legal conclusion can at times be "hazy." Orner v. Nat'l Beef Packaging Co., LLC, No. 4:13-CV-0837, 2015 WL 8334544, at *7 (M.D. Pa. Dec. 9, 2015). To

the extent ambiguities remain in what Midkiff can and cannot say at trial, the Court will deal with specific objections to Midkiff's testimony with these principles in mind at trial.

An appropriate Order follows.

O:\CIVIL 13\13-5634 clientron v. devon it\13cv5634 MemoOp on Devon IT MIL.docx